UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RONALD EDWARD DURBIN, II                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:25-CV-53-DPJ-ASH

SCOTT WALTERS, ET AL.                                                                    DEFENDANTS

ORDER

This matter is before the Court on Defendants City of Lexington, Mississippi, Scott Walters, and Charles Henderson's (Municipal Defendants) Motion to Stay Case [9] pending the outcome of Plaintiff Ronald Edward Durbin, II's "related criminal proceedings." Mot. [9] at 1. Defendants Barrett Law Group P.A., Holmes County Court Clerk, and Holmes County Sheriff filed joinders to this motion. Joinders [12], [14]. Having considered the parties' submissions and the applicable law, the Court finds the motion to stay should be granted and the case stayed in its entirety and as to all Defendants pending resolution of Durbin's criminal proceedings.

I.     Facts and Procedural History

Durbin filed this action under 42 U.S.C. §§ 1983 and 1988, alleging that, in 2024, officers and employees of Holmes County, Mississippi and the City of Lexington, Mississippi violated his constitutional rights. Compl. [1] ¶¶ 1–3. Durbin alleges he was wrongfully ejected from the Lexington Police Department and later arrested at the Holmes County Justice Court after filming his requests to retrieve governmental records and interactions with staff at both locations. Durbin faces pending charges brought by the City of Lexington for disorderly conduct and failure to comply. Ex. A, Mot. [9-1].

1

II.     Analysis

Municipal Defendants say "the central reason a stay is warranted is *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that a plaintiff may not undermine the validity of a criminal conviction through a civil suit under 42 U.S.C. § 1983." Memo. [10] ¶ 4. If a judgment in favor of the plaintiff would imply the invalidity of his conviction or sentence, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

Durbin challenges the applicability of *Heck* by stating that "[he] has not been convicted; the criminal charges are merely pending." Memo. in Opp. [15] at 3. Since *Heck*, however, the United States Supreme Court has instructed that if a plaintiff files a § 1983 claim while state criminal charges are pending, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Wallace v. Kato*, 549 U.S. 834, 393-94 (2007). The Fifth Circuit has also reiterated this preferred approach: "[A] court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two." *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the underlying criminal case, the state has charged Durbin with "disorderly conduct/failure to comply."[1] Ex. A, Mot. [9-1]. Durbin alleges in this civil case that Defendant Walters wrongfully removed him from the "publicly accessible area of the [Lexington] Police Department for video recording." Compl. [1] ¶ 45. Durbin says he then "traveled to the Holmes County Justice Court to engage in additional record requests," Memo. [15] at 2, where he

---

[1] Although Municipal Defendants' memorandum states that Durbin has been "arrested and charged with trespassing," *see* Memo. [10] ¶ 1, the subpoena attached to their motion indicates otherwise.

continued to film his interactions with staff. After receiving a call from the Holmes County Court Clerk, Walters arrived and allegedly detained Durbin. Thereafter, Durbin says Walters unlawfully arrested him because Walters "bec[ame] upset that [Durbin] was recording him during the performance of his duties and the unlawful detention and search . . . without probable cause." *Id.* at 3. Because Durbin's suit and the state's charges arise from the same set of facts and events, it is logical that resolution of the pending criminal matter could conflict with resolution of Durbin's civil matter. Because the criminal matter has not concluded, it is premature to determine whether *Heck* bars Durbin's claims. But, in accordance with *Mackey* and *Wallace*, a stay pending completion of those criminal proceedings is appropriate.

Although not all Defendants have filed joinders to Municipal Defendants' Motion to Stay [9] (nor have they all appeared), the Court nonetheless employs its wide discretion to stay this matter in its entirety and as to all Defendants pending resolution of the criminal charges. *See Hood ex rel. Miss. v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006) ("Granting a stay is within the court's discretion and a stay is appropriate when it serves the interests of judicial economy and efficiency."). As a practical matter, this case cannot proceed as to some defendants while it remains stayed for others. "'It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position.'" *Carswell v. Camp*, 54 F.4th 307, 313 (5th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)) (explaining why all discovery must be stayed pending a ruling on a motion to dismiss based on qualified immunity).

Because Durbin brings eleven identical claims against all Defendants, proceeding against the non-Municipal Defendants would prejudice the Municipal Defendants by subjecting them to

the burden of discovery on factual issues pertaining to Durbin's other claims or risking development of the case in their absence. The Court finds that a stay of this case in its entirety and as to all Defendants is therefore appropriate pending resolution of the criminal charges.

III.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, the Court grants Municipal Defendants' Motion to Stay [9]. This case is stayed in its entirety and as to all Defendants pending the resolution of the criminal proceedings brought by the City of Lexington against Durbin.

Because all activity in this case will be stayed pending the resolution of Durbin's underlying criminal charges, administrative closure is appropriate. *Psara Energy, Ltd. v. Advantage Arrow Shipping, L.L.C.*, 946 F.3d 803, 808 (5th Cir. 2020) ("The effect of an administrative closure is no different from a simple stay . . . ."); *S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 302 (5th Cir. 2004) ("Accordingly, we hold that administratively closing a case is not a dismissal or final decision.").

IT IS, THEREFORE, ORDERED that Municipal Defendants' Motion to Stay [9] is granted and all proceedings in this case are stayed pending the resolution of the underlying criminal proceedings.

IT IS FURTHER ORDERED that the Clerk of Court shall administratively close this case for statistical purposes. Nothing contained in this Order shall be considered a dismissal or disposition of this matter, and the Court retains jurisdiction over the cause of action to allow Durbin or any of the Defendants to file a motion to reopen the case for further proceedings at the appropriate time.

5

      IT IS FURTHER ORDERED that Durbin is responsible for moving to lift the stay of proceedings within 30 days after the underlying criminal charges against him are resolved. If Durbin does not timely move to lift the stay of proceedings within 60 days of the resolution of those proceedings, the Court will deem that inaction to be a purposeful delay contumacious act by Durbin that may subject this case to dismissal *sua sponte*, without prejudice, and without further notice.

      **SO ORDERED AND ADJUDGED** this the 10th day of April, 2025.

                                          s/ *Andrew S. Harris*
                                          UNITED STATES MAGISTRATE JUDGE